

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

October 2006 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SA CR 06-_____ SACR06-0256 |
| Plaintiff, | ) | I N D I C T M E N T |
| v. | ) | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to Be Done] |
| TONY NESHEIWAT, also known as Tony Neche, | ) | |
| Defendant. | ) | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1341; 18 U.S.C. § 2]

I.  INTRODUCTION

At all times relevant to this Indictment:

1.  Defendant TONY NESHEIWAT, also known as Tony Neche, was associated with Digicom U.S., Lambent International, and other entities that purported to operate as business equipment vendors

//

BGT;bgt



(hereinafter "Vendors") within the Central District of California.

## II. THE FRAUDULENT SCHEME

2. Beginning in or around May 2003 and continuing through in or around October 2006, in Orange County, within the Central District of California, and elsewhere, defendant NESHEIWAT and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and with the intent to defraud, devised, executed, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts, in connection with a fraudulent finance lease scheme.

3. The fraudulent finance lease scheme was designed to operate and did operate, as follows:

(a) Defendant NESHEIWAT located small businesses in Orange County, California, and elsewhere, that required an infusion of cash to cover their operating expenses, such as rent payments and payroll. Defendant NESHEIWAT represented to these small businesses that he had an associate who could help them obtain cash loans from reputable lenders and financial institutions.

(b) Once the small businesses agreed to his assistance, defendant NESHEIWAT used false statements and promises to induce lenders to provide loans to the small businesses. Most precisely, defendant NESHEIWAT caused loan applications to be submitted to lenders through the Vendors,

which purported to sell office equipment, typically, computers, to businesses. In these loan applications, the Vendors falsely represented to the lender that the small businesses needed financing for the purchase of the Vendors' equipment. To corroborate this claim, the Vendors submitted false invoices that purported to document the sale of computers to the small businesses.

   (c) Before funding the loan, the lenders contacted the small businesses to confirm that the small businesses, in fact, had purchased, installed, and were using the equipment obtained from the Vendors. Defendant NESHEIWAT coached the small businesses to provide false information to the lenders in response to these questions.

   (d) Based upon false information, the lenders approved the applications and forwarded money to the Vendors for the purported equipment purchases.

   (e) Rather than using the loan proceeds to purchase equipment as promised, defendant NESHEIWAT and the Vendors used the funds to make cash loans to the small businesses and diverted the remaining money for their own personal use.

  4. In order to execute the scheme, defendant NESHEIWAT made and caused to be made false statements and false promises to prospective borrowers and lenders, including, without limitation, the following:

   (a) Defendant NESHEIWAT assisted small businesses obtain bona fide cash loans;

   (b) The Vendors were bona fide equipment vendors that

sold office equipment to businesses and individuals;

    (c) Defendant NESHEIWAT and the Vendors worked with small businesses who wished to obtain financing from lenders for the purchase of equipment;

    (d) Defendant NESHEIWAT and the Vendors would provide true and accurate sales invoices to the lenders;

    (e) Defendant NESHEIWAT would instruct the small businesses to provide true and correct information to lenders concerning the purchase, installation, and use of the computer equipment allegedly purchased from the Vendors; and

    (f) Defendant NESHEIWAT and Vendors would cause the lenders' funds to be used exclusively for the purchase of the equipment specified in the sales invoices.

5. At the time defendant NESHEIWAT made the false statements and false promises, and caused them to be made, he knew that such statements and promises were false, in that:

    (a) Defendant NESHEIWAT was obtaining fraudulent finance leases, not bona fide cash loans, for small businesses;

    (b) The Vendors were in the business of fraudulently depriving lenders of their money, not selling office equipment to businesses and individuals;

    (c) Defendant NESHEIWAT worked with small businesses that wished to obtain cash loans from lenders, not financing for the purchase of equipment;

    (d) The Vendors submitted false invoices to the lenders detailing purported equipment sales that never occurred;

    (e) Defendant NESHEIWAT coached the small businesses

to falsely verify to the lenders that the businesses had purchased, installed, and were using equipment allegedly acquired from the Vendors.

      (f)  Defendant NESHEIWAT and the Vendors used the loan proceeds to improperly make cash loans to the small businesses and for their own personal benefit.

6. By devising, executing, and participating in the finance lease scheme, defendant NESHEIWAT caused lenders to lose thousands of dollars.

III. THE MAILINGS

7. On or about the dates listed below, in the Central District of California, and elsewhere, defendant NESHEIWAT, for the purpose of carrying out the above-described scheme to defraud, caused the items described below to be deposited with, and delivered by, the United States Postal Service as well as private and commercial interstate carriers:

| COUNT | DATE | MAIL MATTER |
| --- | --- | --- |
| 1 | 7/18/03 | Check for $51,577 sent via U.S. Mail from Jopeto, Inc. to Digicom U.S. |
| 2 | 7/30/03 | Check for $48,300 sent via U.S. Mail from First Pacific Funding to Digicom U.S. |
| 3 | 8/20/03 | Check for $43,755 sent via U.S. Mail from Optimum Solutions, Inc. to Digicom U.S. |
| 4 | 9/1/06 | Equipment finance application sent via Federal Express from Digicom U.S. to U.S. Bank |

## COUNT FIVE

[18 U.S.C. § 1343; 18 U.S.C. § 2]

8. Paragraphs one through six of the Indictment are realleged and incorporated by reference as though set forth in full.

9. On or about the dates set forth below, in the Central District of California and elsewhere, defendant NESHEIWAT, for the purpose of carrying out the above-described scheme, caused the transmission of the following writings, signs, and signals, by means of wire communication in interstate commerce:

| COUNT | DATE | Wire Communication |
|---|---|---|
| 5 | 9/11/06 | Telephone call from G.S. in the Central District of California to U.S. Bank in Marshall, Minnesota |

A TRUE BILL

_/S/_
Foreperson

GEORGE S. CARDONA
Acting United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office